# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM DYKEMAN,** | Civil Action No. 16-3274 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| **L.L. BROWN, et al.,** | |
| Defendants. | |

**WIGENTON**, District Judge:

This matter comes before the Court on the motion for summary judgment filed in this matter by Defendants Bonds and Brown. (ECF No. 37). Plaintiff filed a response to that motion in August 2019. (ECF No. 42). For the following reasons, the motion is granted and judgment shall be entered in favor of Defendants Bonds and Brown.

## I. BACKGROUND

On or about October 1, 2014, Plaintiff, William Dykeman, filed a petition for a writ of habeas corpus in which he sought to challenge his state court convictions. (Docket No. 14-6111 at ECF No. 1). Following a series of procedural issues, Petitioner filed an amended habeas petition on or about January 12, 2016. (Docket No. 14-6111 at ECF No. 14). Petitioner also filed a motion requesting that the Court compel the prison in which he was then housed – South Woods State Prison – to provide him with a considerable period of extra time per week in the prison's law library. (Docket No. 14-6111 at ECF No. 15).

1

On January 15, 2016, this Court screened Petitioner's amended habeas petition and entered an order directing Petitioner to show cause why his habeas petition should not be dismissed for lack of exhaustion. (Docket No. 14-6111 at ECF No. 16). As this Court recounted in that order,

> On July 15, 2005, [Plaintiff] was convicted of numerous crimes including three counts of sexual assault. [Plaintiff] appealed, and the Appellate Division affirmed his conviction in March of 2009. *See State v. Dykeman*, 2009 WL 529220 (N.J. App. Div. Mar. 4, 2009). Although the Appellate Division affirmed the conviction and rejected most of [Plaintiff]'s sentencing arguments, the Appellate Division ordered the matter remanded for resentencing pursuant to *State v. Natale*, 184 N.J. 458, 495-96, 878 A.2d 724 (2005) (restructuring New Jersey's entire sentencing scheme by finding presumptive terms unconstitutional). *Id.* [Plaintiff] petitioned for certification to the New Jersey Supreme Court, but certification was denied. 199 N.J. 542 (2009). [Plaintiff] was thereafter resentenced on July 24, 2009, and received the same sentence as had been originally imposed. *See State v. Dykeman*, 2012 WL 371577 (Feb. 7, 2012). The Appellate Division affirmed on February 7, 2012, *see id.*, and the New Jersey Supreme Court denied certification on December 13, 2012, 212 N.J. 462 (2012).
>
> After his resentencing but before his second direct appeal had concluded, [Plaintiff] filed a petition for post-conviction relief in the New Jersey Superior Court – Law Division in August 2009. According to the petition, the Law Division Judge denied [Plaintiff]'s PCR application on or about August 25, 2014. [Plaintiff] has apparently appealed that ruling to the New Jersey Appellate Division, whose decision remains pending. [Plaintiff] has thus not yet received a decision on his PCR claims from either the New Jersey Superior Court – Appellate Division or the New Jersey Supreme Court.
>
> [Plaintiff] admits in his petition that many of his claims were not raised on either of his direct appeals, but only in his PCR briefs. As any claims presented on PCR have not yet been decided by the Appellate Division or the New Jersey Supreme Court, those claims have not yet been exhausted. *See* 28 U.S.C. § 2254 (b)(1).
>
> 28 U.S.C. § 2254(b)(1) states that a habeas petitions brought by a state prisoner challenging his conviction or sentence "shall not be granted unless it appears that" the petitioner has exhausted all of his claims in the state courts, there is no state court process applicable to the raised claims, or circumstances exist that render

2

such process ineffective to protect the rights of the applicant. Although [Plaintiff] has stated that he believes that his PCR process has been in some ways insufficient, he has not clearly stated the basis for this assertion other than to claim ineffective assistance of PCR counsel and to suggest that he disagrees with the PCR court's disposition of his discovery motions.

Because many, although not all, of [Plaintiff's] claims have not been exhausted, his petition presents a mixed petition. As the Third Circuit has explained, where a court is faced with a mixed petition, the court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims; and (4) deny the petition if it found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2) (allowing the denial of a petition on the merits 'notwithstanding the failure of the applicant to exhaust'). *Rhines v. Weber*, 544 U.S. 269, 274-78 [(2005).]" *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014).

Pursuant to *Rhines*, a stay of a mixed petition should be granted only in "limited circumstances." 544 U.S. at 277. A district court may only grant a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The cases in which stays are most appropriate are those where a dismissal of the petition without prejudice would result in the petitioner's inability to timely file his habeas petition. See *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland v. Barnes*, No. 14-7294, 2015 WL 1035428, at *2 (D.N.J. Mar. 10, 2015).

Here, [Plaintiff]'s direct appeal did not conclude until December 2012 with the denial of certification on his appeal from his resentencing. [Plaintiff] filed his PCR petition, which remains pending in the Appellate Division, before that date. As the filing of the PCR petition appears to have tolled the running of the AEDA statute of limitations, [Plaintiff]'s one year limitation period has not even started to run. *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). Thus, [Plaintiff] would be in no danger of losing his ability to timely file if this Court dismissed his petition without prejudice. As such, a stay is

3

> inappropriate under these circumstances. *Rhines*, 544 U.S. at 277; *Williams*, 411 F. App'x at 461.
>
> Based on the current filings, it is not clear that [Plaintiff's] claims can be denied on the merits regardless of exhaustion. As such, this Court is faced with two options: dismiss the petition without prejudice or allow [Plaintiff] to choose whether he wishes to proceed solely on his unexhausted claims.

(*Id.* at 2-5, paragraph numbers and record citations omitted). Given this background, this Court directed Plaintiff to file a response within thirty days showing why his petition should not be dismissed for lack of exhaustion.

This Court also granted in part Plaintiff's request for additional library time:

> [Plaintiff] has filed a motion to compel legal access in which he argues that he is being provided with inadequate access to the law libraries at South Woods State Prison given his numerous civil suits. Specifically, [Plaintiff] asserts that, on average, he is provided only 1-2 hours a week of library access, which he asserts is insufficient for the number of cases he is pursuing. [Plaintiff] likewise asserts that the loss or destruction of certain papers when he was moved to South Woods has also increased the amount of time he requires as he must essentially rebuild some legal papers he had previously completed.
>
> Prisoners have a constitutional right of access to the Courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 346-47 (1996). Generally, this right requires that prisoners be provided with some access to law library facilities in prison. *Id.* That right, however, does not extend so far as to provide a prison inmate with an unfettered right of access to prison law libraries. *Id.* at 347-50. It is therefore not the role of this Court to fashion rules and regulations governing how a particular prison provides inmates with access to law libraries sufficient to provide them with meaningful access to the courts. *Id.* Nevertheless, it is within the authority of this Court to enter orders requesting that prison institutions provide a prisoner litigant with the maximum amount of library time which is consistent with the library policies already put into place by the prison. *See, e.g., Dubois v. Abode*, No. 04-1314, 2007 WL 1652256, at *1 (D.N.J. June 7, 2007).
>
> Given the multiple cases [Plaintiff] has before this Court, and the alleged difficulties he faces, and this Court's entry of an

> order to show cause why this matter should not be dismissed as unexhausted, this Court will grant [Plaintiff]'s motion for increased library time only to the extent consistent with the policies of the prison and the New Jersey Department of Corrections.

(*Id.* at 5-6, record citations and paragraph numbers omitted). This Court therefore entered an order directed towards the Warden of South Woods State Prison, who at the time was Defendant Willie Bonds, which "requested [that Defendant] make available to [Plaintiff] the resources of the prison's library to the maximum extent consistent with the policies of the prison and the New Jersey Department of Corrections." (*Id.* at 6).

Despite the passage of over two months following this order, Plaintiff did not file a response to the order to show cause, instead merely filing letters reiterating his requests for more library time. (Docket No. 14-6111 Docket Sheet). As Plaintiff had failed to file a response to the Order to Show Cause, and as this Court determined that he would suffer no prejudice from the dismissal of his habeas petition as his one year habeas limitations period had not yet begun to run, this Court therefore dismissed his habeas petition without prejudice. (Docket No. 14-6111 at ECF No. 22-23). As that dismissal was without prejudice, Plaintiff was free to file a new habeas petition upon the completion of his state court proceedings. Plaintiff appealed the dismissal of his petition, and the Third Circuit denied him a certificate of appealability. (Docket No. 14-6111 at ECF No. 30).

More than a year and a half after the dismissal of his petition and nearly four months after the end of his appeal, Plaintiff filed a Rule 60(b) motion seeking to have the dismissal of his habeas petition vacated. (Docket No. 14-611 at ECF No. 31). Although Plaintiff in that motion reiterated his distaste for the amount of library time he had received and asserted that he should not have to exhaust his claims to have at least some of his claims ruled upon, Plaintiff did not state an intent

5

to only proceed on his exhausted claims and failed to show why he should be permitted to evade the statutory exhaustion requirement, and this Court therefore denied his Rule 60(b) motion on February 2, 2018. (Docket no. 14-6111 at ECF No. 32-33).

In June 2016, following the dismissal of his habeas petition, Plaintiff filed his initial complaint in this matter, claiming that various officials at South Woods State Prison had denied him access to the Courts and cost him a chance to pursue his habeas petition. (ECF No. 1). In November 2016, Plaintiff filed an amended complaint, which limited his claims only to a pair of access to the court claims raised against Defendants L.L. Brown, a law librarian, and Willie Bonds. (ECF No. 8). On January 11, 2018, that case was transferred to this Court as this Court had handled Plaintiff's underlying habeas petition.[1] (ECF No. 10). On February 2, 2018, this Court permitted that claim to proceed against Defendants Brown and Bonds. (ECF No. 11). On May 23, 2019, Defendants filed a motion for summary judgment in this matter, accompanied by a properly formatted statement of material facts not in dispute. After being granted a significant extension, Plaintiff failed to file a timely response, but did ultimately file a tardy response in August 2019. (ECF No. 42).

At his deposition in this matter, Plaintiff admitted that other inmates at South Woods State Prison did not receive any more library time than he did. (Document 5 attached to ECF No. 37 at 30). Prison records submitted alongside the summary judgment motion indicate that Plaintiff received twelve hour long law library sessions in October 2015, ten hour long sessions in November 2015, eight hour long sessions in December 2015, nine hour long sessions in January 2016, six hour long sessions in February 2016, and four hour long sessions in March 2016.

---

[1] Because of the location of Plaintiff's incarceration at the time he filed his complaint, this matter had previously been assigned to Judge Hillman in this District's Camden Vicinage.

(Documents 6-10 attached to ECF No. 37). Plaintiff did not use these hours solely on his habeas petition, however, because he had numerous other ongoing civil cases and his PCR petition before various courts during the relevant period, and thus he prioritized some cases over others in his library time based on his perception of their relevant need for filings. (Document 5 attached to ECF No. 37 at 25, 34-35).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

**B. Analysis**

Defendants argue that they are entitled to summary judgment as to Plaintiff's sole claim – that they denied him access to the courts by not providing him considerably more library time. A claim for denial of access to the courts arises both out of a prisoner's First Amendment right to petition the courts and his Fourteenth Amendment right to Due Process. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *see also Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012). To establish such a claim, a Plaintiff must present facts which show that Defendants acted in such a way that blocked his access to the courts and that he "suffered an 'actual injury' (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and . . . has no other remedy, save the present civil rights suit, that can possibly compensate the lost claim." *Schreane*, 482 F. App'x at 676 (citing *Monroe*, 536 F.3d at 205). The lost claim must either be a challenge to the plaintiff's conviction or sentence, or a civil rights claim challenging the conditions of confinement to which he is subject as a prisoner. *Monroe*, 536 F.3d at 205; *see also Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Although a dismissal of a cognizable claim based on a technical default of which the plaintiff could

not have been aware given the state of his prison's law library can amount to actual injury where the underlying claim has been lost, *Lewis*, 518 U.S. at 350-51, the dismissal without prejudice of a claim that is in no danger of being time barred in the immediate future does not constitute a "lost" cause of action because the plaintiff is free to bring his claim after complying with the necessary procedural hurdles. *See, e.g., Love v. City of New Brunswick*, No. 16-2586, 2018 WL 429247, at *11 (D.N.J. Jan. 16, 2018).

Plaintiff's access of the court claim in this matter hinges on his assertion that Defendants caused him to lose his opportunity to challenge his conviction and sentence via a habeas petition because he had inadequate time in the law library with which to file a timely response to the order to show cause in his habeas proceeding, resulting in the dismissal of his habeas petition without prejudice. The fundamental flaw in Plaintiff's claim is that he did not *lose* any claim – as this Court thoroughly explained to Plaintiff in his habeas matter, Plaintiff could not proceed on his claims because they had not yet been exhausted in state court,[2] but he was free to file a new habeas petition once he exhausted his claims, and such a petition would likely not be time barred as Plaintiff's one year habeas limitations period had not yet even begun to run. The dismissal of

---

[2] Although this Court need not decide the issue in light of the deficiencies discussed in the body of this opinion, Plaintiff's assertion that Defendants' actions caused the dismissal of his habeas petition as unexhausted is at best dubious. Plaintiff's habeas petition was dismissed because he has not yet complied with the procedural requirements of the habeas statute – that he exhaust all available state court remedies before pursuing habeas claims in federal court. Although Plaintiff believes he should not be required to meet the statutory exhaustion requirements to present his habeas claims, he has never presented to this Court in this matter or in his habeas proceeding any viable basis for evading that requirement, which is mandatory save in those rare cases where state remedies are unavailable or the plaintiff has been cut off from being able to complete exhaustion. Based on the appeals and remands of Plaintiff's PCR petition in state court, which is apparently still ongoing, it is clear that process has been available to Plaintiff, that he is able to pursue it, and Plaintiff's dissatisfaction with the considerable amount of time the process has taken does not therefore free him from the statutory exhaustion requirement of 28 U.S.C. § 2254(b). It is thus doubtful at best that Plaintiff's habeas petition would have not been dismissed had he had more time to prepare a response to this Court's order to show cause in his underlying habeas matter.

Plaintiff's habeas petition was entirely without prejudice, and in no way impedes or prevents him from filing a new habeas petition in the event that his PCR proceedings, up to and including a final decision by the New Jersey Supreme Court, do not end in his favor.  Plaintiff clearly has an alternative remedy available through which he can pursue his claims – the completion of his PCR proceedings and an eventual habeas petition once he has properly exhausted his claims.  Because Plaintiff has not lost a cognizable habeas claim and has an available remedy to vindicate his claims other than this current suit, his access to the courts claim fails as a matter of law.  *Lewis*, 518 U.S. at 350-54; *Monroe*, 536 F.3d at 205; *Schreane*, 482 F. App'x at 676.  Defendants are thus entitled to judgment as a matter of law, and judgment shall be entered in their favor.

### III. CONCLUSION

For the reasons stated above, this Court GRANTS Defendants' motion for summary judgment, (ECF No. 37), and will enter judgment in favor of Defendants.  An appropriate order follows.


Dated: October 8, 2019                                  *s/ Susan D. Wigenton*
                                                                        Hon. Susan D. Wigenton
                                                                        U.S.D.J.